Irving L. Levey, J.
Defendant moves for summary judgment dismissing the second amended complaint and each cause of action therein stated or in the alternative for leave to serve an amended answer setting forth a defense of general release.
The first cause of action is in deceit. The second cause of action rests on a claim of contributory infringement of a copyright. The third cause of action rests on alleged breach of agreement and confidential relationship. The first cause is based generally upon the claim that the defendant misrepresented his ability and his intent to secure for the plaintiffs the consent of a principal character appearing in the story written by the plaintiffs on the life of Ruth Etting. Plaintiffs, it is alleged, had received an offer of purchase from Metro-Goldwyn-Mayer provided they could deliver the consents of all characters portrayed in the manuscript. Because the consent of the particular character was not obtained by February 6, 1950, plaintiffs were unable to consummate a contract in accordance with the offer of Metro-G-oldwyn-Mayer. It is further alleged that request had been made of Ruth Etting and of her husband, and they were willing to extend the time of the plaintiffs’ contract with them. There is no allegation in the complaint that plaintiffs had in fact either obtained such extension of time from Ruth Etting and her husband or had obtained the consents of characters portrayed in addition to the particular character in issue. Nevertheless the first cause of action was sustained by the Appellate Division. It is the defendant’s contention that the first cause of action has no merit because of the fact that no damage is proved or provable since the failure to consummate a contract with Metro-Goldwyn-Mayer did not arise solely or in any sense by reason of the defendant’s failure to procure the consent of the particular character. Since the complaint was sustained as a sufficient pleading, triable issues are raised whether plaintiffs’ failure to proceed with other matters which *469 may have been required for ultimate contract with Metro-Goldwyn-Mayer resulted solely from the defendant’s deceit, concerned as it was with the principal and more difficult consent to be obtained.
With respect to the second and third causes, the motion is based upon a general release. These claims arose in the State of California and the release was there given. It appears that the release was not on the usual printed form. Nor does it clearly appear that the release is in fact general. It was given to Metro-Goldwyn-Mayer, who released it: “from all claims, demands and causes of action of every kind and nature which the undersigned may have or now or hereafter claim to have against them, or any of them, by reason of any matter or thing to the date of this instrument.
“ Without affecting the generality of the foregoing release, the undersigned hereby release and discharge the company and the persons and other corporation named in the foregoing paragraph, and each of them, of and from all claims, rights, demands and/or causes of action (whether in tort, for breach of express contract, for breach of implied-in-fact contract, for breach of implied-in-law contract, for inducing breach of contract, for interference with advantageous relations, or of any other kind whatsoever) directly or indirectly arising or in any way connected with, or which may hereafter arise or be claimed to arise out of the production, distribution, exhibition, licensing, copyrighting, sale or lease by Loew’s Incorporated, or any of its officers, agents, employees, representatives, assigns, licensees, shareholders, or affiliated or subsidiary companies, of the motion picture photoplay entitled ‘ ‘ Love Me or Leave Me ’ ’ or any part, portion or sequence of said motion picture photoplay, including but not limited to the title thereof and including but not limited to the rights to depict the stories, either fictional or true, of the persons and characters mentioned or portrayed therein.”
In Wallner v. Barry (207 Cal. 465, 473) the court stated: ‘£ Even if it were to be conceded that the City of Los Angeles was a joint tort-feasor with these appellants and that the same liability rested upon it as such for her injuries, it is a well-settled rule that before one tort-feasor can be held to be discharged from liability through the release of another, the consideration for such release must have been accepted by the plaintiff in full satisfaction of the injury.” Under the law of California it is required, among other things, to constitute parties joint tort-feasors, that, while working separately, they *470 do so to a common purpose and each acting with the knowledge and consent of the others (Alexander v. Hammerberg, 103. Cal. App. 2d. 872). Whether the release is applicable to the second and third causes of action, as pleaded presents a triable issue of law and fact.
That branch of the motion for leave to serve an amended answer containing the defense of release is granted on condition that said answer is served within three days after service of a copy of this order, together with notice of entry thereof. In the event the plaintiffs desire to reply thereto, such reply shall be served within three days after service of said answer.
This disposition is without prejudice to the joinder of issue, the trial, and any other proceedings heretofore had in the action.